IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARGENTUM MEDICAL, LLC,  ) | |
| ) | |
| Plaintiff,  ) | Nos. 10-CV-10100-DPW and |
| ) | 10-CV-10102-DPW |
| ) | |
| v.  ) | Hon. Douglas P. Woodlock |
| ) | |
| CHOICE THERAPEUTICS, INC. and  ) | |
| GLOBAL MEDICAL PARTNERS, LLC,  ) | |
| ) | |
| Defendants.  ) | |

## JOINT STATUS REPORT

Pursuant to the Court's oral ruling during the April 29, 2010 Initial Scheduling Conference, plaintiff Argentum Medical, LLC ("Argentum") and defendants Choice Therapeutics, Inc. ("Choice") and Global Medical Partners, LLC ("Global") hereby jointly report on the status of the *ex parte* reexamination of the patent-in-suit, United States Patent No. 7,230,153 B2 (the "'153 B2 Patent"), by the United States Patent and Trademark Office ("PTO") (Reexamination Control No. 90/010,866). As noted during the Initial Scheduling Conference, the PTO granted Choice's request for *ex parte* reexamination on April 1, 2010.

On June 24, 2010, the PTO issued a non-final office action rejecting each claim in the '153 B2 Patent as invalid. On August 24, 2010, Argentum submitted

B3846860.1

to the PTO a response to that office action. In those papers, Argentum amended each independent claim and argued that the claims as amended were patentable. On October 6, 2010, Argentum participated in a telephone interview with the Examiner and agreed to a further amendment of the claims. On October 8, 2010, the PTO mailed a Notice of Intent to Issue Ex Parte Reexamination Certificate which incorporated an Examiner's Amendment implementing the further amendments agreed to on October 6, 2010. On January 4, 2011, the PTO issued a Reexamination Certificate, allowing claims 1-20 as amended. As indicated by the Reexamination Certificate, a copy of which is attached hereto as Exhibit A, the patent claims asserted in this case (i.e., the original claims in the '153 B2 Patent) no longer exist. Amended claims 1-20 exist only as part of newly issued United States Patent 7,230,153 C1 ("the '153 C1 Patent"). The parties agree that the amended claims do not constitute a continuation of the patent claims presently on file in this action under 35 U.S.C. § 252.

On January 24, 2011, Choice filed a request for *ex parte* reexamination of the newly issued '153 C1 Patent, based upon prior art pertinent to the new claims. The PTO is expected to act on this request shortly.

Argentum expects to file a motion under Fed. R. Civ. P. 41 to dismiss these consolidated cases without prejudice shortly. Choice and Global will vigorously contest Argentum's contention that the dismissal should be without prejudice. The

asserted '153 B2 Patent claims have been found to be invalid and no longer exist. There is no basis for their continued assertion, under patent law, Rule 11, or otherwise.  Choice and Global intend to move for dismissal with prejudice and will seek an award of their costs and attorneys fees associated with defending against this wholly unfounded and vexatious action.

Argentum further reports that, in the second, earlier filed patent infringement action involving the '153 Patent pending in the United States District Court for the Middle District Pennsylvania (*Argentum Medical, LLC. v. Noble Biomaterials and Derma Sciences*, 3:08-CV-01305), the Pennsylvania Court denied Argentum's motion for reconsideration of that Court's dismissal of the patent-related claims in that case on September 21, 2010.  The Court found that Argentum lacked standing to assert the '153 B2 Patent.  The case then went to trial on defendants' unrelated counterclaims between January 31 and February 10, 2011.

Choice and Global further note that, on February 10, 2011, a Pennsylvania jury found that both Argentum and two of its executives (Thomas Miller and Gregg Silver) in asserting patent claims against the defendants had violated the Lanham Act and engaged in product disparagement.  The jury further found that Gregg Silver engaged in unfair competition in violation of Pennsylvania state law. The jury awarded $1 million in compensatory damages against Argentum, $1 million in punitive damages against Thomas Miller, and $1.25 million in punitive

damages against Gregg Silver.  Argentum expects that post-trial motions and notices of appeal will be filed in the case.

Respectfully submitted,

| ARGENTUM MEDICAL, LLC, | CHOICE THERAPEUTICS, INC., and GLOBAL MEDICAL PARTNERS, LLC, |
|---|---|
| By its attorneys, | By their attorneys, |
| /s/ Hunter D. Keeton<br>Edward F. Perlman, BBO # 394900<br>eperlman@wolfgreenfield.com<br>Michael A. Albert, BBO # 558566<br>malbert@wolfgreenfield.com<br>Hunter D. Keeton, BBO # 660609<br>hkeeton@wolfgreenfield.com<br>WOLF, GREENFIELD & SACKS, P.C.<br>600 Atlantic Avenue<br>Boston, Massachusetts 02210<br>Tel.  (617) 646-8000<br>Fax.  (617) 646-8646 | /s/Nathan C. Henderson (by permission)<br>Donald R. Ware, BBO # 516260<br>Michael V. Dowd, BBO # 630267<br>Nathan C. Henderson, BBO # 657763<br>FOLEY HOAG LLP<br>Seaport West<br>155 Seaport Boulevard<br>Boston, Massachusetts 02210-2600<br>Telephone: (617) 832-1000<br>Facsimile: (617) 832-7000<br>Email: dware@foleyhoag.com<br>          mdowd@foleyhoag.com<br>          nhenderson@foleyhoag.com |

Date:  March 1, 2011

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Hunter D. Keeton
Hunter D. Keeton